ON MOTION FOR REHEARING OR CLARIFICATION
McCORD, Judge.
Appellant seeks clarification of that portion of our opinion which states:
The deputy properly denied Pate’s request to use an equivalent employee’s earnings in determining his average weekly wage because Pate worked more than 90 per cent of his customary full-time hours of employment. See Sections 440.14(1), (2), Florida Statutes (1977).
The argument in relation to this on appeal was whether the average weekly wage should be determined by using an “equivalent employee” (appellant’s argument) because appellant had not worked 90 per cent of the total customary full-time hours of employment.
The payroll sheets for appellant on pages 76 through 82 of the record indicate that appellant worked more than 90 per cent of a 40 hour work week during the 13 weeks before the injury. Thus, on remand, the issue of average weekly wage may be decided within the parameters of § 440.14(1) without referring to a “similar employee.” Appellant’s attorney’s fees for his representation of appellant on this appeal is denied.
Appellant’s motion for rehearing is denied and for clarification beyond that contained herein is denied.
SHIVERS, J., and MASON, ERNEST E., (Retired) Associate Judge, concur.